IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK DONLEY,                           :

        Plaintiff              :       Civil Action 2:09-cv-540

  v.                                   :

PINNACLE FOODS GROUP, LLC,             :       Magistrate Judge Abel
et al.,
                                       :
        Defendants.

## OPINION AND ORDER

This matter is before the Court pursuant to Defendant's motion to dismiss (Doc. 6) the third, fourth, and fifth claims set forth in Plaintiff's Complaint, as well as Defendant's motion to strike (Doc. 13) the affidavit attached to Plaintiff's memorandum contra. For the reasons set forth herein, the motion is **GRANTED IN PART**.

## Factual background

Plaintiff brought this action in the Court of Common Pleas of Franklin County, Ohio against Defendants Pinnacle Foods Group, LLC ("Pinnacle"), Meijer Group, Inc. ("Meijer"), a John Doe retailer, a John Doe manufacturer, and five "John Doe Tortfeasors". He alleges in his complaint that, on or around October 1,

1

2007, he purchased a Hungry Man brand boneless pork frozen dinner from a Meijer store. The frozen dinner had been manufactured, packaged, and distributed by Pinnacle. Plaintiff thereafter prepared the dinner and began to eat it. However, while eating it he bit into a metal bolt and nut contained inside the pork, injuring himself.

In his complaint, plaintiff alleged against the manufacturer violation of the Ohio Products Liability Act, Ohio Revised Code §2307.74 *et seq.*, negligent violation of Ohio's Pure Food and Drug Law, O.R.C. §3715.52 *et seq.*, and breach of implied warranty of merchantability. He has alleged against the retailer negligent violation of Ohio's Pure Food and Drug Law, O.R.C. §3715.52 *et seq.*, and breach of implied warranty of merchantability.[1]

Defendants Pinnacle and Meijer ("Defendants") have now moved, pursuant to Fed. R. Civ. Pro. 12(b)(6), to dismiss Plaintiff's complaint with respect to claims against Meijer for negligent violation of the Ohio Products Liability Act, and claims against both defendants for breach of implied warranty of merchantability. Plaintiff's memorandum contra Defendants' motion to dismiss was accompanied by an affidavit by Plaintiff. Defendants have additionally moved to strike this

---

[1] Plaintiff pled in the alternative that he may have purchased the frozen dinner from the John Doe retailer and that it may have been manufactured by the John Doe manufacturer. He additionally brought a claim of negligence against John Doe Tortfeasors 1-5. However, Plaintiff has made no subsequent representations with respect to John Doe defendants, and has served none. The Court has previously put on an order for Plaintiff to show cause why these should not be dismissed (Doc. 19), and will not address any prospective John Doe defendants in this order.

affidavit as matter outside the pleadings, or in the alternative for the Court to treat this motion as one for summary judgment under Fed. Rs. Civ. Pro. 12(d) and 56.

### Motions to dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to assert by motion a defense of failure to state a claim upon which relief can be granted. The United States Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). The United States Court of Appeals for the Sixth Circuit has explained:

> The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [*Twombly*] at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The claims must be plausible and not merely conceivable. *Twombly*, 127 S. Ct. at 1974.

With regard to the previous standard as set forth in *Conley v. Gibson* the Sixth Circuit explained:

> In [*Twombly*], the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure

to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S. Ct. at 1969.

*Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.

## Analysis

The Court observes that significant confusion has arisen as to what claims Plaintiff pled. In his Complaint, he listed the following theories of recovery:

• Count One: "Defendants Pinnacle Foods Group, LLC… [is] liable under the Ohio Products Liability Act, O.R.C. 2307.74, et seq., as well as under other Ohio law…" (Doc. 3 at 4.)

• Count Two: "Defendants Pinnacle Foods Group, LLC… owed a duty to those who would consume [its] products, under Ohio's Pure Food and Drug Law, O.R.C. 3715.52 et seq., as well as other Ohio law…" (Doc. 3 at 4.)

• Count Three: "Defendants Meijer Group… owed a duty to those who purchased the products it sold, under Ohio's Pure Food and Drug Law, O.R.C. 3715.52, et seq., as well as other Ohio law…" (Doc. 3 at 5.)

• Count Four: "Defendant Pinnacle Foods Group, LLC… impliedly warranted that the said food product was of merchantable quality and fit for human consumption." (Doc. 3 at 6.)

• Count Five: "Defendant Meijer Group, Inc… impliedly warranted that the said food product was of merchantable quality and fit for human consumption." (Doc. 3 at 7.)

In their motion to dismiss in part, Defendants argued at length that Plaintiff had failed to state a claim against Defendant Meijer arising under the Ohio Products Liability Act ("OPLA"), because Plaintiff's complaint failed to allege

4

negligence on the part of Meijer, and failed to allege any of the circumstances under which Meijer would have liability as if it were a manufacturer pursuant to O.R.C. §2307.78(B). Plaintiff, in his response, argued somewhat incongruously that the question of negligence is still a disputed issue of material fact, and that additional discovery is necessary.

However, as Defendants apparently realized in their reply memorandum (Doc. 14 at 2), Plaintiff literally failed to state a claim against Meijer under the OPLA. In the text of the complaint, there is no counterpart to Count One (against Pinnacle under the OPLA) alleging similar conduct on the part of Meijer. There is, therefore, no such claim to dismiss.

Absent an actual "short and plain statement of the claim", defendants are not on notice as to what is being asserted against them. Here, peculiarly, Defendants appear to be on notice of a claim that was not asserted. In addition, Plaintiff alleged in his memorandum contra the motion to dismiss that "Defendant Meijer was Negligent under the Ohio Products Liability Act". (Doc. 11 at 3.) However, claims for relief must be stated and answered in *pleadings*. Fed. R. Civ. Pro. 8(a)(2). Plaintiff has not pled an OPLA claim against Meijer, and Defendant Meijer has not answered it.[2] The Court cannot ascertain, for purposes of a Rule 12(b)(6)

---

[2] Plaintiff did plead, with respect to Defendant Meijer, that it was liable under the Pure Food and Drug Law "as well as other Ohio law". (Doc. 3 at ¶21.) However, it is evident from the language in that paragraph ("... exercise due care to ensure that the products were safe, unadulterated, wholesome, and otherwise fit for human consumption") that such allegations relate only to the Pure Food and Drug Law. *Compare* O.R.C. §3715.52.

motion, whether a claim for relief was properly stated where it was not stated at all. Defendants' motion to dismiss is therefore **MOOT** as to this issue.

### Ohio Pure Food and Drug Law (O.R.C. §3715.52 *et seq.*)

In their motion to dismiss, Defendants requested that this Court dismiss "Count Three, Count Four, and Count Five" of the Complaint. Their initial motion, as noted above, seems to have been predicated upon the mistaken belief that Count Three was a OPLA claim against Defendant Meijer. However, in their reply memorandum, Defendants argued for the first time that Plaintiff failed to state a claim against Defendant Meijer under the Ohio Pure Food and Drug Law (the actual "Count Three").

The Court does not find this argument properly briefed. Just as a plaintiff cannot bring a new claim in a memorandum contra without an opportunity for a responsive pleading, a defendant should not raise a new request for relief in a reply memorandum without an opportunity for the plaintiff to himself reply. *See* S.D. Ohio Civ. R. 7.2(a)(1) and 7.2(d). The Court therefore declines to address this argument at present.

### Merchantability Claims

Plaintiff, in Counts Four (against Pinnacle) and Five (against Meijer) of his Complaint, alleged that each defendant "impliedly warranted that the said food product was of merchantable quality and fit for human consumption." (Doc. 3 at

6

¶¶27, 32.) He allegedly relied upon such warranty, but Defendants breached it by producing food which was adulterated and unwholesome. Plaintiff did not cite any Ohio or federal statute pertaining to this theory.

In their motion to dismiss, Defendants argued that Plaintiff is attempting to bring product liability claims under Ohio common law. These, they asserted, are expressly barred by O.R.C. §2307.71(B), which states: "Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action." They cited various authority, including the decision of this Court in *Stratford v. SmithKline Beecham Corp.*, 2008 WL 2491965 (S.D. Ohio June 17, 2008), to support this argument. Plaintiff conceded that his "allegations under this doctrine are not based on common law; rather they are expressly authorized under Ohio's Uniform Commercial Code, specifically Ohio Rev. Code §1302.27 (UCC 2-314) Implied Warranty of Merchantability [... and] Ohio Rev. Code §1302.28." (Doc. 11 at 6.) He stated that he is, therefore, bringing a *statutory* claim for breach of warranty not barred by §2307.71(B).

Plaintiff's Complaint nevertheless contained no reference to the Uniform Commercial Code, or to the two statutes he cites in his memorandum contra. The defendants are again entitled to "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. Pro. 8(a)(2). To the extent that Plaintiff now alleges that he is (and always was) suing under the Uniform Commercial Code, his Complaint failed to state such claims. To the extent that Plaintiff was suing under common-law theories of product liability, Defendants'

7

unrefuted argument that these theories have been statutorily abrogated is correct. Plaintiff is free to move to amend his complaint to add claims arising under the Uniform Commercial Code, but he has, as yet, not stated any. The common law product liability claims he did state are barred as a matter of law.

Conclusion.

Defendants' Partial Motion to Dismiss is therefore **GRANTED IN PART**. Plaintiff stated no claim against Defendant Meijer arising under the Ohio Products Liability Act which this Court need dismiss. In addition, he failed, for purposes of Fed. R. Civ. Pro. 12(b)(6), to state a claim for breach of implied warranty upon which the Court can grant relief. However, Defendants did not properly present arguments concerning Plaintiff's claim against Meijer for violation of Ohio's Pure Food and Drug Act. Plaintiff's Complaint is therefore **DISMISSED** with respect to Counts Four and Five only.

In addition, as there was no need for the Court to examine the Affidavit of Mark Donley (Doc. 11-1) or other matters outside the pleadings to consider this motion, Defendants' Motion to Strike (Doc. 13) is unnecessary and is **DENIED**.

s/Mark R. Abel
United States Magistrate Judge