IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK DONLEY,                          :

       Plaintiff,                 :   Civil Action 2:09-cv-540

v.                                    :

PINNACLE FOODS GROUP, LLC             :   Magistrate Judge Abel

       Defendants.                :

## OPINION AND ORDER

Plaintiff Mark Donley filed this lawsuit alleging that he purchased a defective frozen dinner, containing a steel bolt and nut, manufactured by Defendant Pinnacle Foods Group, LLC ("Pinnacle") at a grocery store operated by Defendant Meijer Group, Inc. ("Meijer"), and that he was injured when he attempted to consume the dinner. He brought claims against Pinnacle for violation of the Ohio Products Liability Act, O.R.C. §2307.74 *et seq.* (Count One), against Pinnacle for violation of the Ohio Pure Food and Drug Law, O.R.C. §3715.52 *et seq.* ("OPFD") (Count Two), against Meijer for violation of OPFD (Count Three), against Pinnacle for violation of the implied warranty of merchantability (Count Four), against Meijer for violation of the implied warranty of merchantability (Count Five), and against various John Doe defendants who have already been dismissed (Count Six). This matter is before the Court on Defendants' January 6, 2010 Motion for Reconsideration of that part of the Court's December 28, 2010 Opinion & Order that

denied their motion to dismiss Count Three of the Complaint (Doc. 24).

On July 9, 2009, Defendants filed a motion to dismiss Counts Three, Four, and Five of the Complaint (Doc. 6). On December 28, 2009, the Court granted the motion as to Counts Four and Five (Doc. 23). However, the Court found that Defendants had not, in their motion, addressed Plaintiff's claim against Meijer for violation of the OPFD (Count Three). It stated that Meijer had argued only in its reply brief that Plaintiff had failed to state a claim against it under OPFD, and that the Court would not decide an issue a defendant raised for the first time in a reply memorandum because plaintiff did not have a fair opportunity to respond to the argument. S.D. Ohio Civ. R. 7.2(a)(1); 7.2(d).

Defendants state that their motion to dismiss was argued in broad terms, because Plaintiff's complaint was itself broadly drafted. Defendants represent that their motion to dismiss did address a claim against Meijer under OPFD, at Doc. 6, p. 4. Plaintiff has not responded to the motion for reconsideration. Accordingly, the Court will now address this question on the merits.

O.R.C. §3715.52 states in part that:

> The following acts and causing them are prohibited:
>
> (1) The manufacture, sale, or delivery, holding or offering for sale of any food, drug, device, or cosmetic that is adulterated or misbranded.

Food is adulterated if "[i]t bears or contains any poisonous or deleterious substance that may render it injurious to health". O.R.C. §3715.59(A). In order to establish actionable negligence, a plaintiff must show the existence of a duty, a

breach of such duty, and an injury resulting proximately therefrom. *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77 (1984), citing *Di Gildo v. Caponi*, 18 Ohio St.2d 125 (1969). However, the sale of unwholesome food in violation of O.R.C. §3715.52 is negligence *per se*. *Allen v. Grafton*, 170 Ohio St. 249, syllabus at 2 (1960); *see also Rucker v. Ross Corr. Inst.*, 598 N.E.2d 918, 919 (Ohio Ct. Claims 1992). Defendants rely on *Sikora v. Wenzel,* 88 Ohio State 3d 493, 497 (2000) for the propositions that statutorily imposed negligence *per se* is not strict liability and that since Meijer could not inspect the frozen dinner it should not be liable. However, *Sikora* was a suit brought by tenant against a landlord for injuries sustained in a fall from a deck not constructed in accordance with the applicable building code. The Supreme Court noted the reluctance of the courts to impose strict liability in that context. *Id.*

Here the negligence *per se* is a duty imposed by statute*,* O.R.C. §3715.52, not to sell adulterated food. Defendants cite no cases holding that courts are reluctant to impose strict liability when a merchant sells adulterated foods. The statute itself provides only that to prove a violation the plaintiff must demonstrate that the defendant's failure to obey the statute was the proximate cause of his injuries, and must prove resulting damages.

Ohio's pure food and drug law dates back to 1831, in a statute (29 Ohio Laws 152) barring butchers from knowingly selling unwholesome flesh. In 1896 this statute was amended to eliminate the element of knowledge; such sale now became negligence *per se*. 92 Ohio Laws 97. In *Portage Markets Co. v. George*, 111 Ohio

3

St. 775 (1924), a person bought and cooked a veal roast which turned out to be tainted. The plaintiff, having eaten of it, became ill, and sued the market which had sold the meat under Ohio General Code §12760, a predecessor to O.R.C. §3715.52. The trial court found for the plaintiff; on appeal, the defendant claimed that the trial judge had erred in instructing the jury that lack of intent to sell tainted meat or even knowledge that the food was unwholesome was no defense. The Ohio Supreme Court reviewed the history (to date) of Ohio's pure food law, and concluded that it was the deliberate purpose of the statute that lack of knowledge was no defense. Quoting an earlier opinion on Ohio adulterated food law, it stated: "In the enactment of this statute it was the evident purpose of the General Assembly to protect the public against the harmful consequences of the sales of adulterated food and drugs, and, to the end that its purpose might not be defeated, to require the seller at his peril to know that the article which he offers for sale is not adulterated."[1] *Portage Markets Co.*, 111 Ohio St. 775 at 784-85, quoting *State v. Kelly*, 54 Ohio St. 166, 180 (1896). Ohio courts have since maintained this principle. *See, e.g., Rubbo v. Hughes Provision Co.*, 67 Ohio App. 123, 133 (1940),

---

[1] The syllabus of *Portage Markets* states:
In an action for damages against a retail meat vendor, growing out of the sale of unwholesome veal in violation of the pure food laws of this state, it is not error for the court to charge the jury: 'Whether or not the defendant intended to violate the law does not make any difference. Whether the defendant or its servant knew that the veal was unwholesome, if it was unwholesome at the time it was sold, makes no difference. Lack of intent to violate the law is no defense to the defendant. The defendant's ignorance of the condition of the veal at the time it was sold is no defense.'

*aff'd*, 138 Ohio St. 178 (1941); *Ohio State Bd. of Pharmacy v. Poppe*, 549 N.E.2d 541, 546 (Ohio App. 1988); *Massey v. Riser Foods, Inc.*, 2000 WL 670669 at *3 (Ohio App. 2000).

The complaint alleges that Mark Donley purchased food from Meijer (Doc. 3 at ¶5), that it was adulterated by the presence of a metal bolt (¶8), and that he was injured as a result of consuming the adulterated food he had purchased from Meijer (¶8-10). It asserts that these facts constitute a violation of O.R.C. §3715.52 (¶20-25). Defendants, however, argue that the complaint fails to state a claim against Meijer under the statute, because it fails to adequately plead that any action by Meijer was the proximate cause of Plaintiff Donley's injuries. They assert that, if the frozen dinner was in the same condition when Plaintiff purchased it as when Pinnacle manufactured it, then there is no allegation that Meijer altered the product in any way.[2] Meijer's supposed liability must therefore be based upon a failure to inspect the product as it passed through its hands. Defendant posits that the sealed product could not be inspected by Meijer, pointing out that Plaintiff himself only discovered the alleged defect upon opening, preparing, and consuming the product. (*Id.* at ¶8.) Furthermore, Defendant argues that the complaint contains no allegation that Meijer was negligent in failing to adequately inspect the dinner. Thus, concludes Defendant, "Plaintiff fails to allege how any failure of

---

[2] "At the time that Plaintiff Mark Donley purchased the [food] from Defendant Meijer Group, Inc. [...], it was in the same condition as it was in when Defendant Pinnacle Foods Group, LLC [...] prepared, blended, packaged, labeled, distributed and/or sold it to Defendant Meijer Group, Inc." (Doc. 3 at ¶6.)

5

Defendant Meijer proximately caused Plaintiff's injuries." (Doc. 14 at 7.)

Accepting Defendants' argument that Meijer could not have inspected the frozen dinner before offering it for sale, the complaint contains the only allegation of proximate cause necessary to state a claim for sale of adulterated food: that it was the food that caused Plaintiff's injuries. Although Defendant argues that Ohio Revised Code § 3715.52 requires a Plaintiff to prove a specific act of negligence by Meijer that caused him injury, it cites no case law that so holds. Under those circumstances, the plain language of the statute controls. It provides that a plaintiff must prove only that the merchant sold an adulterated food. There is no reference in the statute to negligence or any other standard of care.

Of course, a defendant may offer evidence at trial that the plaintiff's injury had some other cause, that the plaintiff is responsible for his own injury, or that the injury never took place at all. And a plaintiff may not state a claim merely by alleging that he purchased food, and was then injured, without alleging that it was the food which caused his injury. The complaint here, however, alleges Plaintiff Donley bit into a foreign object and suffered physical injury consuming adulterated food he purchased from Meijer and that Meijer's unlawful sale of adulterated food thus proximately caused his injury.[3]

Consequently, the complaint states a claim against Defendant Meijer under

---

[3] This is, of course, not the same legal analysis applicable to an allegation that Meijer was the supplier of a defective product pursuant to the Ohio Products Liability Act, §2307.71 *et seq.*

the Ohio Pure Food and Drug Law.  Accordingly, Defendants' Motion for

Reconsideration (Doc. 24) is **DENIED**.

s/Mark R. Abel
United States Magistrate Judge
